## COPELAND v. GRASSELLI CHEMICAL CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8245. Decided Jan. 16, 1928.

First Publication of this Opinion.

Syllabus by Editorial Staff.

631. INDUSTRIAL COMMISSION—480. Evidence—396. Directed Verdicts.

1. All evidence, including hearsay evidence, if received by Industrial Commission, is competent before Common Pleas Court.

2. Where there is some evidence, including such hearsay, in support of plaintiff's contention, case must go to jury.

Error to Common Pleas.

Judgment reversed.

M. C. Harrison and Cerrezin & Wilson, Cleveland, for Copeland.

Squire, Sanders & Dempsey, Cleveland, for Chemical Co.

### STATEMENT OF FACTS.

One James Copeland was an employee of The Grasselli Chemical Company, who was a self-insurer under the compensation laws of Ohio. On or about Dec. 31, 1923, Copeland, while working at the company's plant, claims to have inhaled fumes which immediately made him so ill that pneumonia developed, from which he died within a period of five or six days.

Anna Copeland was his widow and beneficiary, and she made a claim against The Grasselli Chemical Co., before the Industrial Commission of Ohio, for compensation under the law. The Commission refused compensation, and, within the period allowed by law, an appeal was taken to the Common Pleas of Cuyahoga County. The cause was tried before a jury in the Common Pleas in which hearing all the evidence, both original or direct, and hearsay, that was admitted before the Commission, was introduced and properly admitted, but at the conclusion of all the testimony a motion was made by the Company to direct a verdict in its favor, and that motion was granted.

### OPINION OF COURT

The following is taken, verbatim, from the opinion.

VICKERY, J.

We have gone over this record and we have read it with much care and have gone over the briefs of counsel, and, while the briefs dwell at length upon the question of hearsay testimony, really that is not the question that confronts the court. We have held, in other cases, and it has been repeatedly held, that all evidence, including hearsay evidence, if received by the Industrial Commission, is competent before the Common Pleas Court. In other words, the matter of the hearing before the Commission is more informal than in a court of justice and evidence is not introduced with the same degree of technicality and particularity as it is in court. Under the law as it now stands, which provides that the case in court must be heard upon the same evidence and no other, that is introduced before the Commission, that applies to hearsay evidence and evidence which would be incompetent in a court in the first instance, as well as to other evidence. The trial court seems to have recognized this rule and he admitted the hearsay evidence, but then held that there was not sufficient evidence to go to the jury, and that is the only question that we care to pass upon, and it is the only question that it is necessary to pass upon.

There was evidence, much more than a scintilla, to go to the jury, and the jury might well have found against this man and they might well have found that this pneumonia came from some other source and that he was ill before. There was evidence upon both sides of that proposition, but it was surely a question for the jury to have heard and determined the facts.

We think, therefore, that the court erred in directing a verdict for the defendant in this case, and for that reason the judgment will be reversed, and the cause remanded to the Common Pleas Court for a new trial.

(Sullivan, PJ. and Levine, J., concur.)